IN THE MATTER OF: APPEAL OF WESLEYAN EDUCATION CENTER FROM DENIAL OF EXEMPTION APPLICATION FOR ITS PROPERTY FOR YEAR 1982

No. 8310PTC550

(Filed 5 June 1984)

Taxation §§ 22, 25.1— listing of property held by non-profit corporation—failure to apply for tax exempt status—finding that property no longer exempt supported by evidence

>   Pursuant to G.S. 105-282.1(a), the Property Tax Commission properly found that a non-profit corporation's failure to apply for tax exempt status, after listing its property, prevented the Commission from granting an exemption for the property during the listing period. By the time the taxpayer applied for tax exempt status, the county's budget ordinance was established, and allowing removal of a taxpayer's listed property from the tax base after the listing period closed would clearly have jeopardized the county's budget. G.S. 159-13(a), G.S. 105-282.1(c), and G.S. 105-312(a)(3).

APPEAL by Taxpayer from the final decision of the North Carolina Property Tax Commission entered 28 February 1983. Heard in the Court of Appeals 3 April 1984.

On 4 March 1981 Kernersville Wesleyan Academy conveyed 54 acres of land to Wesleyan Education Center (hereinafter Taxpayer), a non-profit corporation. Since 1974 the property had been exempted from payment of ad valorem taxes. Taxpayer listed the property during the listing period for 1982 but did not apply for tax exempt status until 30 June 1982, approximately four months after the 1982 listing period had ended and after Taxpayer had been notified by the Forsyth County Tax Supervisor that the property was no longer exempt. Also on 30 June 1982 Taxpayer appeared before the Forsyth County Board of Equalization and Review to appeal the Supervisor's denial of tax exempt status for 1982. The Board denied exemption to the property on grounds that no application was filed by Taxpayer during the 1982 listing period.

On appeal to the North Carolina Property Tax Commission, the Taxpayer and County stipulated to the following issue: whether a tax supervisor or board of equalization and review has authority to grant an exemption for property which its owner had listed during the listing period but failed to file an application for exemption during this period. After considering the evidence of the parties and the law governing the taxation of property set out in the "Machinery Act," G.S. 105-271 *et seq.*, the Commission concluded:

> There is no authority, under the Machinery Act as presently written, for either the tax supervisor or the board of equalization and review to grant an exemption for property which its owner had listed during the listing period but for which its owner failed to file an application for exemption during the listing period.

From this final decision of the Commission, Taxpayer appeals.

*Thomas & Coltrane, by Raymond D. Thomas, for appellant Wesleyan Education Center.*

*P. Eugene Price, Jr. and Jonathan V. Maxwell for appellee Forsyth County.*

ARNOLD, Judge.

Taxpayer assigns error to the Commission's decision and argues that the Machinery Act presently allows either a county tax supervisor or board of equalization and review to grant an exemption when the owner has listed his property during the listing period but does not apply for exempt status until after this period. We disagree for the reasons given in the Commission's decision.

The Commission based its decision on the express mandate set out in G.S. 105-282.1(a):

> Every owner of property claiming exemption or exclusion from property taxes under the provisions of this Subchapter has the burden of establishing that the property is entitled thereto. Except as otherwise provided below, *every owner claiming exemption or exclusion hereunder shall annually, during the regular listing period, file an application therefor*

*with the tax supervisor of the county in which the property would be subject to taxes if taxable.* (Emphasis added.)

The Commission emphasized that this statutory requirement allows no flexibility for the filing of an application for exemption after the listing period. The rationale for this strict application is "to enable the taxing officials to determine the reductions in their tax base prior to setting the tax rate."

Taxpayer here listed its property during the 1982 listing period, which ended on 2 March 1982. The property was therefore included in the tax base relied upon by the Tax Supervisor when he submitted projected revenues to the County Manager prior to 30 April as required by G.S. 159-10. The Board of County Commissioners was required to adopt a budget ordinance making appropriations and levying taxes upon this tax base not later than 1 July. G.S. 159-13(a). By the time Taxpayer applied for exempt status on 30 June, the County's budget ordinance was established. Allowing removal of a taxpayer's listed property from the tax base after the listing period has closed and the county has relied upon this tax base in projecting revenues and proposing a budget would clearly jeopardize the county's budget.

We find no merit to Taxpayer's argument that G.S. 105-282.1(c) allows either a tax supervisor or board of equalization and review to consider the merits of a late application for exemption of listed property. This statute provides in part:

When an owner of property who is required to file an application for exemption or exclusion fails to do so, the tax supervisor shall proceed to discover the property as provided in G.S. 105-312. If upon appeal to the county board of equalization and review or board of commissioners, the owner demonstrates that the property meets the conditions for exemption, the exemption may be approved by the board at that time.

Taxpayer argues that the Commission's interpretation of the foregoing statute as allowing review of the exempt status of a taxpayer who fails to list his property, but denying a hearing to a taxpayer who lists his property and does not file an application for exemption until after the listing period, is absurd. This argument can be refuted on two grounds. First, the Legislature has

defined the phrase "to discover property" as "the determination that property has not been listed during a regular listing period and to the identification of the omitted item." G.S. 105-312(a)(3). This language is clear that property can only be discovered if it is not listed. G.S. 105-282.1(c), therefore, does not apply to Taxpayer's timely listed property. Second, an owner of discovered property which meets the conditions for exemption is allowed an exemption after the listing period, because his unlisted property was never included in the county's tax base. Granting an exemption to unlisted property would not jeopardize the budget adopted by the county.

Taxpayer's remaining assignment of error involves the constitutional validity of the Commission's interpretation of G.S. 105-282.1. Since this issue was not raised before the Board of Equalization and Review and since the one issue before the Property Tax Commission did not include constitutional questions, Taxpayer cannot raise the issue on appeal to this Court. *See White v. Pate*, 308 N.C. 759, 304 S.E. 2d 199 (1983).

The decision of the North Carolina Property Tax Commission is

Affirmed.

Judges WELLS and BRASWELL concur.