IN THE MATTER OF: THE APPEAL OF K-MART CORPORATION FROM THE DENIALS OF ITS CLAIMS FOR EXEMPTION BY MECKLENBURG COUNTY FOR 1978, 1979, 1980, 1981, 1982, AND 1983

No. 257PA86

(Filed 7 April 1987)

1. **Taxation § 25.10— decision on property tax exemption—review by Property Tax Commission**

Although the decision by a county board of equalization and review to grant or deny a property tax exemption is a discretionary one, N.C.G.S. § 105-282.1(c), it is reviewable by the Property Tax Commission. N.C.G.S. § 105-290.

2. **Administrative Law § 8— judicial review under APA—whole record test**

Although the 1985 amendment of N.C.G.S. § 150A-51 deleted the phrase "in view of the entire record as submitted," the amendment maintains the whole record test for judicial review under the Administrative Procedure Act.

3. **Taxation § 19.1— large appliances in public warehouse—exemption from property taxes**

Appellant was entitled to a property tax exemption under N.C.G.S. § 105-275(10) for 1978 and 1979 for large appliances placed in a public warehouse where appellant shipped the warehoused property ordered by customers directly to the customers' homes from the warehouse during those years. The decision of the Court of Appeals upholding the Property Tax Commission's denial of the exemption for the years 1980-83 when appliances were shipped from the warehouse to a retail store and then either picked up by the customer or delivered to the customer's home is affirmed, not as a precedent but as the decision in this case, where one member of the Supreme Court did not participate in the decision and the remaining six members are evenly divided.

Justice WHICHARD did not participate in the consideration or decision of this case.

ON K-Mart Corporation's petition for discretionary review of the decision of the Court of Appeals, 79 N.C. App. 725, 340 S.E. 2d 752 (1986), affirming a decision of the North Carolina Property Tax Commission entered 7 February 1985 sustaining the denial of appellant's applications for exemption from property tax by the

Mecklenburg County Board of Equalization and Review for the years 1978 through 1983. Heard in the Supreme Court 11 February 1987.

*Hamel, Helms, Cannon, Hamel & Pearce, by H. Parks Helms, for K-Mart Corporation, appellant.*

*Hamlin L. Wade for Mecklenburg County, appellee.*

MARTIN, Justice.

This appeal involves the denial by the Mecklenburg County Board of Equalization and Review of K-Mart's applications for property tax exemption for the six years 1978-1983. The Court of Appeals held that K-Mart's applications were properly denied. We affirm in part and reverse in part.

K-Mart owns and operates approximately sixty-nine retail stores in North Carolina and six are located in Mecklenburg County. These stores and other retail stores are serviced by a public warehouse in Charlotte, North Carolina. K-Mart contracts with the owner of the warehouse for the storage of its property in the warehouse and also pays inbound and outbound fees on the property.

The property warehoused by K-Mart consists of large appliances such as refrigerators, stoves, televisions, washers, and dryers and is referred to as "Department 19" merchandise. The property remains in its original form and package while warehoused. The evidence shows that during the years 1978 and 1979 K-Mart shipped the warehoused property ordered by its customers directly to the customers' homes from the warehouse.

In the years 1980-83, Department 19 merchandise was shipped to the K-Mart retail store and then either picked up by the customer or delivered to the customer's home. Some Department 19 merchandise was shipped from the warehouse to K-Mart retail stores without a customer order. Such merchandise was often used in special sales or held as "rain-check" merchandise and for special selling seasons, as at Christmas time. K-Mart did not produce evidence of an accurate breakdown of the percentage of merchandise that was sent on to customers or was held at the retail stores.

K-Mart's applications for exemption were denied by the Mecklenburg County Board of Equalization and Review and its rulings were sustained on appeal by the North Carolina Property Tax Commission and the Court of Appeals.

[1]    Mecklenburg County first argues that K-Mart had no right of appeal from the decision of the Mecklenburg County Board of Equalization and Review and therefore the Property Tax Commission lacked jurisdiction. The Court of Appeals held, and we agree, that although the decision by the county board to grant or deny an exemption is a discretionary one, N.C.G.S. § 105-282.1(c), it is reviewable by the Property Tax Commission. N.C.G.S. § 105-290 (1985). While it is true that the 1973 amendment to N.C.G.S. § 105-282.1(c) made the decisions of the county boards discretionary, it did not make those decisions unreviewable. Rather, the legislature has placed the *duty* upon the Property Tax Commission to hear appeals from decisions of the county boards arising under the provisions of N.C.G.S. § 105-312 and other sections of Chapter 105. N.C.G.S. § 105-290(b) (1985). This controversy arose under N.C.G.S. § 105-312, "discovered property," controlling situations where the taxpayer fails to list the property, the taxing authority then "discovers" the property and the taxpayer seeks an exemption. *See In re Wesleyan Education Center,* 68 N.C. App. 742, 316 S.E. 2d 87 (1984). We hold that the Property Tax Commission had jurisdiction to hear this appeal.

[2]    In reviewing appeals from the Property Tax Commission, the whole record test is to be applied. The present statute governing judicial review reads: "Based on the record and the evidence presented to the court, the court may affirm, reverse, or modify the decision or remand the case to the agency for further proceedings." N.C.G.S. § 150B-51 (Cum. Supp. 1985). Although the 1985 amendment of former N.C.G.S. § 150A-51 deleted the phrase "in view of the entire record as submitted," we hold that the amendment maintains the whole record test for judicial review under the Administrative Procedure Act. This is consistent with our interpretation of former N.C.G.S. § 150A-51(5). *Thompson v. Board of Education,* 292 N.C. 406, 233 S.E. 2d 538 (1977). This Court is bound by the findings of the Commission if they are supported by competent, material, and substantial evidence in view of the entire record as submitted. *Brock v. Property Tax Comm.,*

290 N.C. 731, 228 S.E. 2d 254 (1976); N.C.G.S. § 150B-51 (Cum. Supp. 1985).

[3]  K-Mart contends that the warehoused property should be exempt from taxation pursuant to N.C.G.S. § 105-275(10):

> The following classes of property are hereby designated special classes under authority of Article V, Sec. 2(2), of the North Carolina Constitution and shall not be listed, appraised, assessed, or taxed:
>
> . . . .
>
> (10) Personal property shipped into this State and placed in a public warehouse as intermediate consignee for the purpose of transshipment in its original form or package to the owner's customers either inside or outside the State. No portion of a premises owned or leased by a consignor or consignee, or a subsidiary of a consignor or consignee, shall be deemed to be a public warehouse within the meaning of this subdivision despite any licensing as such. The purpose of this classification is to encourage the development of the State of North Carolina as a distribution center.

The evidence shows that during 1978 and 1979, K-Mart shipped the warehoused property ordered by customers directly to the customers' homes from the warehouse. This property did not go through the retail K-Mart stores.

The Property Tax Commission found in finding of fact 29:

> (29) Prior to 1980, K-Mart shipped Department 19 items which had been ordered by customers directly to the customers' homes from the warehouse. Some Department 19 items, however, were shipped directly from the warehouse to the retail stores prior to 1980.

The relevant testimony on the years 1978 and 1979 follows:

> Q. Prior to 1980 what was the procedure that was used with respect to delivering out of that warehouse?
>
> A. Prior to 1980, we almost exclusively delivered to the customer's home. The delivery receipt at that time would

have had the customer's name on it, and we would ship all merchandise to the customer's home in most cases. And again, that's a retail outlet, doesn't mean we wouldn't ship to the stores but at that time it was generally a home delivery system which we got out of. We couldn't compete. We were losing too much money on the delivery end of it.

. . . .

A. In 1978 we were in home delivering, just about every location, and therefore, we had a customer's name on the D. R. going out of that warehouse.

Moreover, the exhibits contain questionnaires in the form of affidavits for the years 1978 and 1979 executed by Mr. Nastle, regional property tax manager for K-Mart. Each affidavit states that the subject property was shipped into Mecklenburg County "for transshipment to the owner's customers." We also note an exhibit for the year 1984 listing K-Mart retail *stores* served by warehouse #8264 (the warehouse involved here) but no such listing for the years 1978 and 1979, indicating that the warehouse served *customers* in 1978 and 1979, rather than retail stores. The testimony and exhibits do not contain evidence that any of the warehoused property was transshipped otherwise than to K-Mart's customers at their homes during 1978 and 1979.

Applying the whole record test, we find that the evidence does not support the Commission's finding that some Department 19 items were shipped to the retail stores prior to 1980, but the evidence does support the first sentence of finding of fact 29. We hold that for the years 1978 and 1979 the subject property was placed in the public warehouse "for the purpose of transshipment . . . to the owner's customers," within the meaning of the statute. Therefore, K-Mart is entitled to an exemption for the years 1978 and 1979.

With respect to the denial of K-Mart's applications for an exemption for the years 1980, 1981, 1982, and 1983, the Court is evenly divided, Justice Whichard not participating. Therefore, following the uniform practice of this Court, the decision of the Court of Appeals upholding the Commission's denial of the exemption for the years 1980, 1981, 1982, and 1983 is affirmed, not as precedent but as the decision in this case. *Lynch v. Hazelwood*, 312 N.C. 619, 324 S.E. 2d 224 (1985).

The decision of the Court of Appeals is reversed as to the exemption for 1978 and 1979; otherwise, the decision of the Court of Appeals is affirmed.

It is so ordered.

Justice WHICHARD did not participate in the consideration or decision of this case.